## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION

OLIVER L. CANADAY,
      **Plaintiff,**

vs.                             **Case No: 5:09cv8/RS/MD**

MICHAEL W. WYNNE,
SECRETARY, DEPARTMENT OF THE AIR FORCE,
      **Defendant.**

---

### REPORT AND RECOMMENDATION

This cause filed pursuant to Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. §§ 2000e to 2000e-17, is before the court upon defendant's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction based on plaintiff's failure to exhaust his administrative remedies. (Doc. 30).[1] The plaintiff, proceeding *pro se*, has responded in opposition to the motion. (Doc. 33). In addition, plaintiff has filed a motion for default judgment (doc. 34) and a motion to void defendant's motion to dismiss (doc. 36). Defendant has responded in opposition to the motions. (Docs. 35, 37, respectively). Upon review of the parties' submissions, it is the opinion of the undersigned that all motions should be denied.

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Oliver Canaday was employed by the Department of the Air Force ("the Agency") at Tyndall Air Force Base in Bay County, Florida. (Doc. 11 at 4). He

---

[1]The defendant does not alternatively move for summary judgment, as was done in plaintiff's other Title VII case in this court, *Canaday v. Wynne*, No. 5:09cv247/RS/EMT, Doc. 12.

is now retired. (*Id.* at 9). His amended complaint alleges unlawful employment discrimination on the basis of race (Caucasian), color (white) and gender (male). (*Id.*). The alleged acts of discrimination occurred in November of 1991, when two of plaintiff's requests for annual leave were disapproved. As a result, plaintiff "lost" 113 hours of annual leave.[2] (*Id.* at 6-7, 13). His requests for reinstatement of the leave were denied. As relief, plaintiff seeks "to be paid for the lost leave (113 hours X present hour salary GS-11/10)." (*Id.* at 9).

Subsequent to plaintiff filing his amended complaint on May 5, 2009, he twice moved for entry of a default judgment. On August 25, 2009, the undersigned denied the request for lack of proper service, and required plaintiff to file, on or before, September 2, 2009, proof that he had effected proper service of his amended complaint upon the defendant. (Doc. 22). After being granted an extension of time, plaintiff filed an affidavit of service on October 20, 2009. (Doc. 27).

On February 1, 2010, after there had been no activity in the case for 90 days, the court issued an order requiring plaintiff to show cause why this case should not be dismissed for failure to prosecute. (Doc. 29). Four days later on February 5, 2010, the defendant filed his motion to dismiss. (Doc. 30). Plaintiff responded to the order to show cause on February 8, 2010, and included in his response a request for entry of default by the Clerk (Doc. 31, Attach. 1). The Clerk did not enter a default. On February 25, 2010, plaintiff filed a motion for default judgment pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure (Doc. 34).

## DISCUSSION

<u>Plaintiff's Motion for Default Judgment</u>

As grounds for his motion, plaintiff states the defendant was served with process on September 16, 2009 and failed to file an answer or Rule 12 motion within

---

[2]**Plaintiff explains that because the leave was disapproved and not rescheduled, he was unable to carry over 113 hours of leave into the next year. (Doc. 11 at 6-7, 13; Doc. 33 at 14).**

sixty (60) days, or by November 15, 2009. (*Id.* at 2-3). Plaintiff acknowledges that he received defendant's motion to dismiss prior to filing the motion for default judgment. He contends he is still entitled to a default judgment because the motion to dismiss was filed well after the response deadline expired. (*Id.*).

The defendant opposes the motion on two grounds. First, plaintiff is not entitled to entry of a default judgment by the Clerk, because he has not provided a sum certain, or a sum that can be made certain by computation. (Doc. 35 at 1-2). Second, plaintiff is not entitled to entry of a default judgment by the Court, because he has not established a claim or right to relief by evidence that satisfies the court. Specifically, plaintiff failed to timely exhaust his administrative remedies and his pleadings fail to establish a *prima facie* case of discrimination. (*Id.*, at 2-3).

Rule 55 of the Federal Rules of Civil Procedure provides, in relevant part:

(a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

(b) Entering a Default Judgment.

(1) *By the Clerk*. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) *By the Court*. In all other cases, the party must apply to the court for a default judgment. . . . If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;

(B) determine the amount of damages;

(C) establish the truth of any allegation by evidence; or

(D) investigate any other matter.

(d) Judgment Against the United States. A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court.

Fed. R. Civ. P. 55(b, d).

Plaintiff is not entitled to entry of a default judgment by the Clerk, because the defendant has not been defaulted for not appearing.[3] *See* Fed. R. Civ. P. 55(b)(1); *see also* 46 Am. Jur. 2d *Judgments* § 272 (Mar. 2010)("When a default judgment is sought against a party who has appeared in the action, application for the default judgment must be made to the court with notice . . . .").  Plaintiff is not entitled to entry of a default judgment by the Court, because he has not established he is entitled to any relief against the defendant, an officer of the United States.  To the contrary, the evidence in the record establishes that plaintiff failed to timely exhaust his administrative remedies and therefore is not entitled to relief under Title VII.  This issue will be discussed in detail below.

Moreover, the Court is mindful that it is the law of this Circuit that default is to be used sparingly:

> Entry of judgment by default is a drastic remedy which should be used only in extreme situations, as the court has available to it a wide range of lesser sanctions.  The former Fifth Circuit has adopted the view that such action is too harsh except in extreme circumstances.  Moreover, we must respect the usual preference that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court.

---

[3] By the time plaintiff sought a clerk's entry of default, the defendant had appeared by filing a motion to dismiss.

*Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir.1985) (citations omitted). The record in this case shows that the defendant filed his motion to dismiss before plaintiff filed his motion for default judgment. Defendant's motion was filed a relatively short time (less than 90 days) after the deadline for responsive pleadings. Plaintiff has not shown that defendant's failure to file an answer to his complaint prejudiced him in any way. Indeed, plaintiff similarly delayed in prosecuting this action. (*See* Docs. 22, 29). The undersigned finds that "exceptional circumstances that would justify entry of a default judgment are not present." *Id.; see, e.g., Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1317 (11th Cir. 2002) (holding that district court did not abuse its discretion by denying motion for entry of default judgment; defendant filed a notice of appearance before the motion for default judgment was filed, defendant filed a motion to dismiss a short time after the deadline for responsive pleadings, and plaintiff failed to show he was prejudiced); *see also, e.g., Owens v. Benton*, No. 05-13782, 190 Fed. Appx. 762, 763 (11th Cir. July 5, 2006) (holding that district court did not abuse its discretion by denying motion for entry of default judgment where plaintiff failed to assert any prejudice to his interests).

In light of all of the foregoing, the undersigned recommends that plaintiff's motion for default judgment be denied.

## Defendant's Motion to Dismiss for Plaintiff's Failure to Exhaust Administrative Remedies

Defendant asserts this case should be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure Rule 12(b)(1), because plaintiff did not comply with the administrative requirement of 29 C.F.R. § 1614.105 that he timely contact an EEO counselor. (Doc. 30). Defendant does not alternatively move for summary judgment.

A.     Rule 12(b)(1) Standard

A motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) can be based upon either a facial or factual challenge to the complaint. *McElmurray v. Consol. Gov't of Augusta-Richmond County*, 501 F.3d 1244, 1251 (11th

Cir. 2007) (citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981)).[4] "The district court has the power to dismiss for lack of subject matter jurisdiction on any of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson*, 645 F.2d at 413.

A "facial attack" on the complaint "require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). "'Factual attacks,' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered.'" *Id.* (quoting *Menchaca*, 613 F.2d at 511). In a factual attack, the presumption of truthfulness afforded a plaintiff under Federal Rule of Civil Procedure 12(b)(6) does not attach and, where the elements of the underlying cause of action are not implicated, the court is free to weigh the evidence. *Scarfo v. Ginsberg*, 175 F.3d 957, 960 (11th Cir. 1999); *Goodman v. Sipos*, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001). The defendant presents his motion to dismiss as a factual attack.

B.     Applicable Title VII Law Governing Exhaustion of Administrative Remedies

A federal employee filing a claim for unlawful employment practices in district court must first seek relief from the agency where the unlawful acts were perpetrated. *Brown v. General Services Admin.*, 425 U.S. 820, 832-33 (1976); *Grier v. Secretary of the Army*, 799 F.2d 721, 724 (11th Cir. 1986). This is a condition

---

[4]*See Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent in the Eleventh Circuit, all decisions of the former Fifth Circuit announced prior to October 1, 1981).

precedent to filing suit and "'is part and parcel of the congressional design to vest in the federal agencies and officials engaged in hiring and promoting personnel 'primary responsibility' for maintaining nondiscrimination in employment.'" *Id.* (quoting *Kizas v. Webster*, 707 F.2d 524, 544 (D.C. Cir. 1983)). In accordance with the congressional design, the EEOC adopted regulations for federal employees to present their claims to the agency. *See* 29 C.F.R. § 1614.101 *et seq.*

These regulations require a federal employee with a discrimination complaint to contact an EEO counselor from the employing agency within 45 days of the date of the matter alleged to be discriminatory, in an effort to resolve the complaint informally. 29 C.F.R. § 1614.105(a).[5] If informal attempts at resolution are unsuccessful, at the final counseling session the EEO counselor notifies the employee of the right to file a formal complaint with the agency. 29 C.F.R. § 1614.105(d). An agency shall dismiss a complaint that fails to comply with the applicable time limits, including timely contact with the EEO counselor. *See* 29 C.F.R. § 1614.107(a)(2). When an agency dismisses an entire complaint under § 1614.107, the agency takes final action by issuing a final decision. 29 C.F.R. §1614.110(b). The final decision may be appealed to the EEOC. *Id.*

Federal courts have held that unlawful employment practices occurring more than 45 days before contacting an EEO counselor are generally time-barred for failure to exhaust administrative remedies. *Gaillard v. Shinseki*, 349 Fed. Appx. 391 (11th Cir. Oct. 14, 2009) (affirming grant of summary judgment in favor of defendant based on plaintiff's failure to make timely contact with EEO counselor); *Thomas v. Miami Veterans Medical Ctr.*, 290 Fed. Appx. 317, 318-19 (11th Cir. Aug. 26, 2008) (affirming grant of summary judgment on same basis); *Twitty v. Potter*, No. 4:07cv107/SPM/WCS, 2008 WL 2277528 (N.D. Fla. May 30, 2008) (granting summary judgment in favor of defendant on same basis). The requirement of timely contact

---

[5]An agency, however, "shall extend the 45-day time limit in paragraph (a)(1) of this section when the individual shows that . . . he or she did not know and reasonably should not have known that the discriminatory matter or personnel action occurred." 29 C.F.R. § 1614.105(a)(2).

is similar to a statute of limitations and thus subject to waiver, estoppel, and equitable tolling. *See* 29 C.F.R. § 1614.604(c); *Zipes v. Trans World Airlines Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982).

In Title VII cases, equitable tolling may be applied in the following circumstances: (1) when the defendant misleads the plaintiff into allowing the statutory period to lapse, (2) when the plaintiff has no reasonable way of discovering the wrong perpetrated against him, or (3) when the plaintiff timely files a technically defective pleading and in all other respects acts with the proper diligence. *See Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993); *Washington v. Ball*, 890 F.2d 413, 414-15 (11th Cir. 1989). Equitable tolling is an extraordinary remedy that requires more than a showing of due diligence by a plaintiff. *Justice*, 6 F.3d at 1479. Relief is granted "sparingly," and it is the plaintiff's burden to show that equitable tolling is warranted. *Id.*

C.      Findings of Fact and Conclusions of Law

The record establishes the following facts. Plaintiff began working for the defendant at Tyndall AFB in September of 1991. (Doc. 11 at 4 ¶ II). In November of 1991 plaintiff submitted two leave requests: one for 32 hours of leave which was denied on November 22, 1991, and one for 144 hours of leave which was denied on November 25, 1991. (*Id.* at 5 ¶¶ 2, 3).

On September 7, 2007, plaintiff made initial contact with an Equal Employment Opportunity ("EEO") counselor alleging discrimination on the basis of his race, color and gender occurring between 1991 and 1992 (Doc. 30, Exs. 1, 2). His primary complaint was that after he accepted a downgrade to a GS-11 position (from a GS-12) in December of 1991 as a result of a reduction in force, he was not re-promoted to a GS-12 position when one became available in March of 1992. Plaintiff alleged that a less-experienced minority female was selected for the position. (*Id.*). The case was assigned Agency Docket No. 7K0J07018. After an attempt at informal resolution was unsuccessful, plaintiff filed a formal complaint of discrimination with the Agency's EEO office on October 30, 2007. (Doc. 30, Ex. 3).

In that formal complaint, plaintiff alleged he was treated differently than other employees on the basis of his race, color and gender when: (1) in March of 1992 he failed to receive priority referral consideration for re-promotion to GS-12; (2) from December of 1991 to March of 1992, he was left in the Education Center Supervisor position (GS-12) as a GS-11 for 86 days with no detail or temporary promotion; and (3) in November of 1991 two of his requests for annual leave were disapproved, resulting in the loss of 113 hours of annual leave. (Doc. 30, Exs. 3, 4). On February 27, 2008, the Agency issued a final decision dismissing plaintiff's complaint under 29 C.F.R. § 1614.107(a)(2), for untimely EEO counselor contact. (Doc. 30, Ex. 5).

Plaintiff appealed the dismissal of his complaint to the EEOC Office of Federal Operations ("OFO"). The appeal was assigned Appeal No. 0120081826. On August 20, 2009, the OFO affirmed the Agency's dismissal, finding that plaintiff failed to make timely EEO counselor contact, and that plaintiff presented no persuasive arguments or evidence warranting an extension of the time limit.[6] (Doc. 30, Ex. 4).

Plaintiff disputes that the foregoing administrative filings were the ones applicable to his present claims, arguing that the defendant has incorrectly relied on documentation from a different administrative proceeding. According to plaintiff, he exhausted his present claims through a formal complaint filed on October 27, 2005 in Agency Docket No. 7K0J05013, and appealed the final decision through EEOC Appeal No. 0120070068. (*See* Doc. 11 at 4, 10-11; Doc. 36 and Attach.). But the defendant has submitted a copy of the appellate decision in the case plaintiff references – EEOC Appeal No. 0120070068. (Doc. 37, Attach. 1). That decision

---

[6]EEOC regulations provide for an extension of the time limit when the individual shows "that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been [sic] known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission." 29 C.F.R. § 1614.105(a)(2). The Agency found that plaintiff conceded he was aware of the time limit, and was aware fifteen years ago that the personnel actions had occurred. The agency rejected plaintiff's contention that he was not aware the actions were discriminatory until October 30, 2007, when he created a "career snapshot" of his career. (Doc. 30, Ex. 4).

demonstrates that the proceeding involved a different issue – that the Air Force discriminated against plaintiff on the basis of race on October 13, 2005, when a co-worker was permitted to come and go as he pleased and was not held accountable for his share of the work. (Doc. 37, Attach. 1). That administrative proceeding had nothing to do with the 1991 denial of plaintiff's leave requests.

The evidence in the record establishes that plaintiff failed to comply with 29 C.F.R. § 1614.105(a), when he failed to contact the EEO counselor within 45 days of the challenged action (the denial of his leave). Plaintiff has not established any basis to excuse his untimely filing.[7] Therefore, his Title VII claims are time-barred.

But that conclusion is not the end of the matter. The question remains whether the court can dismiss this case for lack of jurisdiction. As stated earlier, the defendant's motion seeks exclusively to dismiss this case under Rule 12(b)(1) for lack of subject matter jurisdiction and does not alternatively move for summary judgment, as was done in plaintiff's other Title VII case in this court, *Canaday v. Wynne*, No. 5:09cv247/RS/EMT, Doc. 12. For the following reasons, the undersigned finds that a dismissal for lack of subject matter jurisdiction would be improper.

Although the Eleventh Circuit stated in *Crawford v. Babbitt*, 186 F.3d 1322, 1326 (11th Cir. 1999), that "[a] federal employee must pursue and exhaust h[is] administrative remedies as a jurisdictional prerequisite to filing a Title VII action," the Supreme Court has held, and the Eleventh Circuit has clarified, that whether an administrative action is <u>timely</u>, is not a jurisdictional matter, but more in the nature of a statute of limitations. *Zipes*, 455 U.S. 385, 102 S.Ct. 1127 (holding that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."); *Ross v. United States Postal Serv.*, 814

---

[7]In addition to asserting that the defendant was relying on the wrong administrative proceeding, plaintiff further argues that his case should not be dismissed because the defendant did not timely respond to his amended complaint, and because his claims have merit and should therefore be reviewed "in interest of justice." (Doc. 33). Neither of these contentions provide a basis for not enforcing the timeliness bar.

F.2d 616 (11th Cir. 1987) (reversing dismissal for lack of subject matter jurisdiction; holding that 30-day time limit for filing civil action in federal court was not jurisdictional); *Milam v. United States Postal Serv.*, 674 F.2d 860, 862 (11th Cir. 1982) (same); *Grier*, 799 F.2d at 724 (distinguishing between failing to timely file charge and failing to even begin administrative process by filing an initial charge); *Smith v. Potter*, No. 08-10393, 310 Fed. Appx. 307, 310 (11th Cir. Feb. 3, 2009) (holding that the 45-day time period for making initial contact with an EEO counselor "is not a jurisdictional prerequisite, but rather 'a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.'" (quoting *Zipes*); *Robinson v. Jojanns*, No. 05-10947, 147 Fed. Appx. 922, 924 (11th Cir. Sept. 9, 2005) ("The prerequisite of timely contact with an EEO counselor is not jurisdictional, and is subject to waiver, estoppel and equitable tolling.").

The defendant cites four cases to support his argument that dismissal for lack of jurisdiction is proper, namely, *Grier, supra; Manning v. Carlin*, 786 F.2d 1108 (11th Cir. 1986); *Ross v. Runyon*, 858 F.Supp. 630 (S.D. Tex. 1994); and *Velich v. Runyon*, 860 F.Supp. 1342 (E.D. Wis. 1994). But *Grier* involved a plaintiff who had <u>never</u> filed a charge of racial discrimination with the EEO Office, or any other office or personnel, at the employing agency. She brought her claim for the first time in her complaint filed in district court. The Eleventh Circuit dismissed the claim without prejudice to the plaintiff pursuing her administrative remedies, distinguishing the circumstances of that case from those involving a plaintiff's untimely pursuit of administrative remedies: "[I]t is her failure to exhaust or even begin her administrative remedies that bars her suit. . . . <u>While the timeliness requirement does not erect a jurisdictional prerequisite to suit</u>, this does not suggest that parties complaining of federal employment discrimination in violation of Title VII should ever be waived into court without filing any initial charge with the agency whose practice is challenged." *Grier*, 799 F.2d at 724 (emphasis added) (citations and internal quotations omitted). Further, *Manning* involved the grant of summary judgment for

the plaintiff's failure to file an EEOC charge within the required 30-day period. *Id.* *Manning* did not involve a dismissal for lack of jurisdiction.

It is true that in *Ross, supra*, the district court in Texas held that a federal employee's failure to meet the 45-day counseling requirement deprived the federal court of subject matter jurisdiction to hear his claim. *Ross*, 858 F.Supp. at 638. Similarly, in *Velich, supra*, the district court in Wisconsin held that the plaintiff's failure to make timely contact with an EEO counselor and failure to timely file a formal complaint with the agency deprived the court of subject matter jurisdiction to hear his claim. But those cases do not represent the law of this Circuit. The undersigned has been unable to find any district court case in this Circuit, or any Eleventh Circuit decision, that either cites to *Ross* or *Velich*, or that adopts their view that the issue is jurisdictional.

Accordingly, it is respectfully RECOMMENDED:

1.  That plaintiff's motion for default judgment (doc. 34) be DENIED.

2.  That defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), (doc. 30), be DENIED. This does not preclude the defendant from filing a motion seeking an appropriate disposition of this case for plaintiff's failure to make timely contact with an EEO counselor.

3.  That plaintiff's motion to void defendant's motion to dismiss (doc. 36) be DENIED.

4. That this cause be REMANDED to the undersigned for further proceedings.

At Pensacola, Florida this 29th day of April, 2010.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).