IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

OLIVER L. CANADAY,
    Plaintiff,

vs.                                         Case No: 5:09cv8/RS/MD

MICHAEL W. WYNNE,
SECRETARY, DEPARTMENT OF THE AIR FORCE,
    Defendant.

## REPORT AND RECOMMENDATION

This cause filed pursuant to Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. §§ 2000e to 2000e-17, is before the court upon defendant's motion for summary judgment filed June 1, 2010. (Doc. 45). Defendant also filed a statement of undisputed material facts and supporting summary judgment materials. (Doc. 46). On June 3, 2010 the court entered an order informing the parties that the motion for summary judgment would be taken under advisement on July 1, 2010. (Doc. 47). The order further advised the parties of the importance and ramifications of Rule 56 summary judgment consideration, and directed the parties to file and serve, prior to the advisement date, affidavits and any other documents or materials authorized to be filed under Federal Rule of Civil Procedure 56 and Northern District of Florida Local Rule 56.1(A). (*Id.*). The plaintiff, proceeding *pro se*, has responded in opposition to the motion. (Doc. 50). Upon review of the parties' submissions, it is the opinion of the undersigned that defendant's motion should be granted.

## BACKGROUND AND PROCEDURAL HISTORY

At the time of the events giving rise to this lawsuit, plaintiff Oliver Canaday was employed by the Department of the Air Force ("the Agency") at Tyndall Air Force Base in Bay County, Florida. (Doc. 11 at 4). He is now retired. (*Id*. at 9). His amended complaint alleges unlawful employment discrimination on the bases of race (Caucasian), color (white) and gender (male) occurring in November of 1991, when two of plaintiff's annual leave requests were disapproved causing him to "lose" 113 hours of annual leave.[1] (*Id.* at 6-7, 13). Specifically, plaintiff claims:

> Disparaging treatment. The other staff members were on the annual leave plan, they scheduled and used their annual leave. I was not put on the annual leave plan, my leave was cancelled and not rescheduled at disapproval time. Also, I requested my leave to be reinstated. My leave was not reinstated to be used later.

(*Id*. at 5). As relief, plaintiff seeks "to be paid for the lost leave (113 hours X present hour salary GS-11/10)." (*Id*. at 9).

On February 5, 2010, defendant filed a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction on the grounds that plaintiff failed to comply with the administrative requirement of 29 C.F.R. § 1614.105 that he timely contact an Equal Employment Opportunity ("EEO") counselor. (Doc. 30). Plaintiff responded in opposition to the motion (doc. 33), and also filed a motion for default judgment (doc. 34).

On April 29, 2010, the undersigned issued a report and recommendation ("R&R"), recommending that plaintiff's motion for default judgment be denied. (Doc. 38). The undersigned further recommended that defendant's motion to dismiss be denied, because although the evidence established that plaintiff failed to make timely contact with an EEO counselor as required by 29 C.F.R. § 1614.105(a), dismissal for lack of subject matter jurisdiction was improper because the

---

[1] Plaintiff explains that because the annual leave was disapproved and not rescheduled, he was unable to carry over 113 hours into the next year. (Doc. 11 at 6-7, 13; Doc. 33 at 14).

*Case No: 5:09cv8/RS/MD*

prerequisite of timely EEO contact is not jurisdictional. On May 14, 2010, the district judge adopted the R&R, noting that the ruling did not preclude defendant from filing a motion seeking appropriate disposition of the case for plaintiff's failure to make timely EEO contact. (Doc. 43).

The instant motion for summary judgment followed. Defendant seeks summary judgment on the grounds that the undisputed material facts establish as a matter of law that plaintiff's claims are time-barred because he failed to make timely contact with an EEO counselor as required by 29 C.F.R. § 1614.105(a)(1). (Doc. 45).

## DISCUSSION

### A.    Summary Judgment Standard

In order to prevail on his motion for summary judgment, the defendant must show that plaintiff has no evidence to support his case, or present affirmative evidence that plaintiff will be unable to prove his case at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2553-54, 91 L. Ed. 2d 265 (1986). If defendant successfully negates an essential element of plaintiff's case, the burden shifts to plaintiff to come forward with evidentiary material demonstrating a genuine issue of fact for trial. *Id.* The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). A dispute is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248. A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id.,* 477 U.S. at 248, 106 S.Ct. at 2510. Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106

S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986), and a "scintilla" of evidence or conclusory allegations is insufficient. *Celotex Corp.*, 477 U. S. at 324 (quoting FED.R.CIV.P. 56(e)). Plaintiff must either point to evidence in the record or present additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. *Celotex Corp., supra*; *Owen v. Wille*, 117 F.3d 1235, 1236 (11th Cir. 1997)("Rule 56(e) . . . requires the nonmoving party to go beyond the pleading and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'") (quoting *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. at 2553 (quoting Fed.R.Civ.P. 56(c), (e))); *Hammer v. Slater*, 20 F.3d 1137 (11th Cir. 1994).

Evidence presented by plaintiff in opposition to the motion for summary judgment, and all reasonable factual inferences arising from it, must be viewed in the light most favorable to him. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 1608, 26 L. Ed. 2d 142 (1970); *Jones v. Cannon*, 174 F.3d 1271, 1282 (11th Cir. 1999). Nonetheless, plaintiff still bears the burden of coming forward with sufficient evidence of every element that he must prove. *Celotex Corp.*, 477 U.S. 317 (1986). A motion for summary judgment should be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. at 2552.

**Title VII Law Governing Exhaustion of Administrative Remedies**

A federal employee filing a claim in federal court for unlawful employment practices must first seek relief from the agency where the unlawful acts were perpetrated. *Brown v. General Services Admin.*, 425 U.S. 820, 832-33, 96 S.Ct. 1961, 1967-68, 48 L.Ed.2d 402 (1976); *Grier v. Secretary of the Army*, 799 F.2d 721, 724 (11th Cir. 1986). This is a condition precedent to filing suit and "'is part and parcel of the congressional design to vest in the federal agencies and officials engaged in hiring

and promoting personnel 'primary responsibility' for maintaining nondiscrimination in employment.'" *Grier* at 724 (quoting *Kizas v. Webster*, 707 F.2d 524, 544 (D.C. Cir. 1983)). In accordance with the congressional design, the EEOC adopted regulations for federal employees to present their claims to the agency. *See* 29 C.F.R. § 1614.101 *et seq.*

These regulations require a federal employee with a discrimination complaint to contact an EEO counselor from the employing agency within 45 days of the date of the matter alleged to be discriminatory, in an effort to resolve the complaint informally. 29 C.F.R. § 1614.105(a).[2] The exhaustion period begins once the employee receives "unequivocal communication of the adverse employment decision." *Wright v. AmSouth Bancorporation*, 320 F.3d 1198, 1202 (11th Cir. 2003). If informal attempts at resolution are unsuccessful, the EEO counselor notifies the employee, at the final counseling session, of the right to file a formal complaint with the agency. 29 C.F.R. § 1614.105(d). An agency must dismiss a complaint that fails to comply with the applicable time limits, including timely contact with an EEO counselor. *See* 29 C.F.R. § 1614.107(a)(2). When an agency dismisses a complaint under § 1614.107, the agency takes final action by issuing a final decision. 29 C.F.R. §1614.110(b). The agency's final decision may be appealed to the EEOC. *Id.*

Federal courts have held that unlawful employment practices occurring more than 45 days before contacting an EEO counselor are generally time-barred for failure to exhaust administrative remedies. *Gaillard v. Shinseki*, 349 Fed. Appx. 391 (11th Cir. Oct. 14, 2009) (affirming grant of summary judgment in favor of defendant based on plaintiff's failure to make timely contact with EEO counselor); *Thomas v. Miami Veterans Med. Ctr.*, 290 Fed. Appx. 317, 318-19 (11th Cir. Aug. 26, 2008)

---

[2] An agency, however, "shall extend the 45-day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission." 29 C.F.R. § 1614.105(a)(2).

(affirming grant of summary judgment in favor of defendant on same basis); *Twitty v. Potter*, No. 4:07cv107/SPM/WCS, 2008 WL 2277528 (N.D. Fla. May 30, 2008) (granting summary judgment in favor of defendant on same basis). The requirement of timely contact is similar to a statute of limitations and thus subject to waiver, estoppel, and equitable tolling. *See* 29 C.F.R. § 1614.604(c); *Zipes v. Trans World Airlines Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982).

**Facts Pertinent to the Exhaustion Issue**[3]

Plaintiff began working for the defendant at Tyndall AFB in September of 1991. (Doc. 11 at 4 ¶ II). In November of 1991, plaintiff submitted two leave requests to his immediate supervisor Doyle Crawford: one for 32 hours of annual leave to be taken November 25-29, 1991, and one for 144 hours of annual leave to be taken December 16, 1991 through January 10, 1992. (*Id.* at 13). Both leave requests were disapproved, on November 22, 1991 and November 25, 1991, respectively. (*Id.*). Plaintiff was notified of the disapprovals. The leave was not rescheduled. In January of 1992, plaintiff was notified that he had forfeited 113 hours of annual leave due to his unused leave exceeding the maximum amount authorized for carryover into 1992. (*Id.* at 6-7, 14-21). Plaintiff sought restoration of the forfeited leave, but his requests were denied in early 1992 by Civilian Personnel Officer ("CPO") Robert Daniel and Col. Mark Foxwell. (*Id.* at 14-21). Plaintiff asserts in his amended complaint and affidavit in opposition to summary judgment, that he believes his 1991 leave requests were treated less favorably than those of other staff members who were minorities and women. (Doc. 11; Doc. 50, Attach. 1). Specifically, plaintiff claims discrimination in the processing and disapproval of his leave requests (including delay in acting on them and not rescheduling the disapproved leave), and in the refusal to restore his forfeited leave, arguing that he was treated that way because he is a Caucasian male. (*Id.*).

---

[3]The facts recited herein are drawn from evidence in the summary judgment record that is either undisputed or, if disputed, viewed in the light most favorable to plaintiff, the non-moving party. *Snow ex rel. Snow v. City of Citronelle*, 420 F.3d 1262, 1265 (11th Cir. 2005).

**Defendant asserts, and has submitted evidence establishing, that plaintiff failed to initiate contact with an EEO counselor within 45 days of the adverse employment action. Plaintiff presented his complaint to the Agency in Agency Docket Number 7K0J07018. (Doc. 46, Exs. 1-5). He made initial contact with an EEO counselor on September 7, 2007, alleging discrimination on the bases of his race, color and gender occurring between 1991 and 1992. (Doc. 46, Exs. 1, 2). Plaintiff identified the persons who discriminated against him as Lt. Col. Jose Bolton and CPO Robert Daniel. (*Id.*, Ex. 2). His primary complaint was that after he accepted a downgrade to a GS-11 position (from a GS-12) in December of 1991 as a result of a reduction in force, he was not re-promoted to a GS-12 position when one became available in March of 1992. Instead, a female was selected for the position. (*Id.*, Exs. 1, 2). Plaintiff reported to the EEO counselor that it was not until September 5, 2007 that he came to realize that, in his belief, the action taken was discriminatory. (*Id.*). After an investigation, the counselor submitted a written report advising that the informal attempt at resolution had been unsuccessful. (*Id.*, Ex. 1).**

**On October 30, 2007, plaintiff filed a formal complaint of discrimination with the Agency's EEO office. (Doc. 46, Ex. 3). The formal complaint bore the same Agency Docket Number, 7K0J07018. The complaint alleged that Lt. Col. Jose Bolton treated plaintiff differently than other employees on the bases of plaintiff's race, color and gender when: (1) in March of 1992 plaintiff did not receive priority referral consideration for re-promotion to GS-12; (2) from December of 1991 to March of 1992, plaintiff was left in the Education Center Supervisor position (GS-12) as a GS-11 for 86 days with no detail or temporary promotion; and (3) in November of 1991 two of plaintiff's requests for annual leave were disapproved, resulting in the loss of 113 hours of annual leave. (Doc. 46, Exs. 3, 4).**

**On February 27, 2008, the Agency issued a final decision dismissing plaintiff's complaint under 29 C.F.R. § 1614.107(a), for untimely EEO counselor contact. (Doc.**

46, Ex. 5). As part of its decision, the Agency found that plaintiff failed to provide sufficient justification for extending or tolling the 45-day time limit.

Plaintiff appealed the dismissal to the EEOC Office of Federal Operations ("EEOC"). The appeal was assigned Appeal Number 0120081826. On August 20, 2009, the EEOC affirmed the Agency's dismissal, finding that plaintiff failed to make timely EEO counselor contact, and that plaintiff presented no persuasive arguments or evidence warranting an extension of the 45-day time limit. (Doc. 46, Ex. 4). Specifically, the EEOC held, in relevant part:

> Upon review, the Commission finds that complainant's complaint was properly dismissed pursuant to 29 C.F.R. § 1614.107(a)(2), for untimely EEO Counselor contact. In his complaint, complainant alleged that he was subjected to discrimination on the bases of race (Caucasian), sex (male), and color (white) between September 1991 and March 1992, when:
>
> (1) he was not given priority referral consideration for re-promotion to GS-12;
>
> (2) he was left in the Education Center Supervisor position (GS-12) as a GS-11 from December 11, 1991 to March 7, 1992 (86 days) with no detail or temporary promotion (there is no Form-52 or Form-50 for personnel action for this period of time); and
>
> (3) two of his requests for annual leave were disapproved (November 21 and November 25, 1991), causing him to lose leave.
>
> . . . .
>
> In this case, complainant concedes that he was aware of the statutory time limit of 45 days, and that he was aware approximately 15 years ago that the personnel action had occurred. He states however, that that [sic] he did not know that the challenged agency actions were motivated by discrimination until October 30, 2007 (over 15 years later), when he created a "career snapshot". On appeal, complainant simply reiterates the events that transpired, and states that he believes he was the victim of discrimination. However, the Commission finds that complainant has presented no persuasive arguments or evidence

> warranting an extension of the time limit for initiating EEO Counselor contact.
>
> Further, the Commission has consistently held that a complainant must act with due diligence in the pursuit of her [sic] claim or the doctrine of laches may apply. The doctrine of laches is an equitable remedy under which an individual's failure to pursue diligently his course of action could bar his claim. Complainant waited approximately 15 years from the date of the alleged discriminatory events before he contacted an EEO Counselor in 2007. Complainant has failed to provide sufficient justification for extending or tolling the time limit.
>
> Accordingly, the agency's final decision dismissing complainant's complaint is affirmed.

(Ex. 4) (footnote and citations omitted).

Plaintiff does not dispute that he was aware of the alleged adverse employment actions (the disapproval of his leave requests and the refusal to reinstate his forfeited leave) at the time they occurred in 1991 and 1992. However, he asserts there is a genuine issue of fact for trial as to the date he made initial EEO counselor contact. In his affidavit submitted in opposition to the motion for summary judgment, plaintiff states under oath that his initial contact with an EEO counselor was on August 2, 2005, not September 7, 2007, and that his claims were exhausted through a different administrative proceeding – Agency Docket Number 7K0J05013, not Agency Docket Number 7K0J07018. (Doc. 50, Canaday Aff., pp. 14-15). To support this contention, plaintiff has submitted three pages of documents from Agency Docket Number 7K0J05013: (1) the first page (and only the first page) of the Agency's Report of Investigation, (*id.*, Canaday Aff., Attach. 2, p. 32 in ECF); and (2) a copy of the EEOC's denial of plaintiff's request for reconsideration in EEOC Appeal Number 0120070068 (plaintiff's appeal of the final Agency decision in Agency Docket Number 7K0J05013). (Doc. 11, pp. 10-11). Plaintiff has submitted no other documents from that proceeding (for example, the formal complaint, the remainder of the Report of Investigation, the Agency's final decision, or the EEOC's appellate

decision). Plaintiff's evidence does not raise a genuine issue for trial concerning the timeliness issue.

Although the first page of the Agency's Report of Investigation in Agency Docket Number 7K0J05013 lists the date of initial EEO counselor contact as August 2, 2005, and although it further indicates that plaintiff sought, in part, restoration of the same 113 hours of annual leave he seeks here, the Report does not identify plaintiff's present claim as the subject of that administrative proceeding. It identifies plaintiff's complaint as: "Was the Complainant discriminated against because of his race (Caucasian) when a coworker, Mr. Andrew L. Colvin (Black) is allowed to come and go in the work center as he pleases and is not held accountable for his share of the work?" (Doc. 50, Canaday Aff., Attach. 2, p. 32 in ECF). As relief, plaintiff sought (in addition to the 113 hours of forfeited leave): "[F]or management to limit time spent on issues (union and EEO combined) to no more than 10 percent of a work week, a total of four hours a week; for management to define the term "reasonable time;" for management to establish an office to receive EEO and union phone calls so that these outside base issues do not affect the small staff; and for management to be proactive in rotating EEO representatives to represent base EEO complaints." (*Id*.). From this evidence, a reasonable jury could not conclude that plaintiff's claim of race and gender discrimination in the handling of his 1991 leave requests was within the scope of the Agency proceeding in Docket Number 7K0J05013.

The other document plaintiff has provided is a Denial of Request for Reconsideration issued in plaintiff's appeal of the final Agency decision in Agency Docket Number 7K0J05013. But submission of that document does not bring plaintiff any closer to meeting his burden. The Denial of Request for Reconsideration provides absolutely no insight into the issues raised in

administrative proceeding 7K0J05013, much less support a finding that it involved plaintiff's present claim. (Doc. 11, pp. 10-11 in ECF).[4]

Thus, in light of defendant's affirmative evidence, the record establishes that plaintiff waited until September 7, 2007, well over the 45-day time limit provided in 29 C.F.R. § 1614.105(a), to make initial contact with an EEO counselor. Once he presented his claim to the Agency, the Agency dismissed it as untimely. Plaintiff has not come forward with evidence demonstrating a genuine issue of fact for trial on the timeliness issue. Therefore, this court concludes that plaintiff's claim is time-barred.

---

[4]The court notes that in connection with defendant's previous motion to dismiss, defendant submitted a copy of the EEOC's appellate decision in EEOC Appeal Number 0120070068 (the appeal in Agency Docket Number 7K0J05013). (Doc. 37, Attach. 1). The appellate decision describes plaintiff's claim in Agency Docket Number 7K0J05013 as "alleg[ing] that the agency discriminated against him on the basis of race (Caucasian) when a co-worker (Co-worker A) was allowed to come and go as he pleased and Co-worker A was not held accountable for his share of the work. Complainant alleged that the most recent discrimination action occurred on October 13, 2005." (*Id*., p. 1). No mention is made of race, sex and color discrimination occurring in 1991 when plaintiff's leave requests were disapproved while all other staff members' requests were approved.

The appellate decision goes on to explain that after completion of an investigation, plaintiff requested a hearing before an administrative judge. The administrative judge issued a decision without a hearing (summary judgment). In reviewing the administrative judge's decision, the EEOC stated, in relevant part:

> Complainant's claim appears to be that he was treated less favorably than Co-worker A, who is Black, and that he had to perform additional duties in Co-worker A's absence. The Commission concludes that the agency has articulated a legitimate, nondiscriminatory reason for its actions. Although Complainant may have been called upon to perform additional work when Co-worker A was not available, we find that the agency did so because Co-worker A was the union president and the agency was providing him time to perform and attend to union duties. . . . We find no evidence of discriminatory animus.
>
> To the extent that complainant is alleging that he was subjected to a hostile work environment, the Commission finds that complainant has not shown that the conditions were so severe and pervasive so as to constitute a hostile work environment. Moreover, complainant has not shown that the work environment to which he was subjected was a result of discriminatory animus.

*Id*. Again, there is no indication that plaintiff's present claim concerning the handling of his 1991 leave requests was within the scope of that administrative proceeding.

*Case No: 5:09cv8/RS/MD*

As mentioned above, the timeliness requirement may be subject to equitable tolling. Equitable tolling "is an extraordinary remedy which should be extended only sparingly." *Bost v. Federal Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004) (quotation omitted). It is appropriate only when a plaintiff's untimely filing is due to "extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006) (quotation omitted). Such circumstances include: (1) when the defendant misleads the plaintiff into allowing the statutory period to lapse, (2) when the plaintiff has no reasonable way of discovering the wrong perpetrated against him,[5] or (3) when the plaintiff timely files a technically defective pleading and in all other respects acts with the proper diligence. *See Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993); *Washington v. Ball*, 890 F.2d 413, 414-15 (11th Cir. 1989). It is plaintiff's burden to show that equitable tolling is warranted. *Justice*, 6 F.3d at 1479.

Here, plaintiff argues that summary judgment is inappropriate because there are genuine issues of material fact concerning the merits of his claim. (Doc. 50, Canaday Aff., pp. 2-14, 17-23). That does not arguably raise an equitable tolling argument. To the extent plaintiff maintains that he diligently pursued his claims by submitting written requests, in 1992, for restoration of his lost annual leave, such argument does not raise a genuine issue concerning whether equitable tolling should apply, because even assuming the 45-day period was tolled in 1992 during the pendency of the restoration requests, plaintiff fails to show that he diligently pursued his administrative (EEO) remedies after those requests were denied. Nor has he shown that his failure to timely initiate EEO contact was due to an extraordinary circumstance beyond his control. Finally, although plaintiff says he did not discover he was discriminated against until August 2, 2005 when EEO

---

[5]The rationale underlying this suspension of the statute's requirements is that "it is unfair to allow a defendant to conceal facts that support the plaintiff's cause of action and then to rely on the statute of limitations to bar the suit when a duly diligent plaintiff was unable to discover those facts." *Chappell v. Emco Mach. Works Co.*, 601 F.2d 1295, 1303 (5th Cir. 1979).

*Case No: 5:09cv8/RS/MD*

Program Director Thomas Chatman explained to him the term "disparate treatment," (doc. 50, Canaday Aff., pp. 16, 24 in ECF), that does not present an arguable basis for equitable tolling. Plaintiff neither claims, nor presents evidence suggesting that he attempted, but could not, discover the factual basis of his claims within the limitations period.

## CONCLUSION

Based on the evidence in the record, the undisputed material facts establish as a matter of law that plaintiff's claim is time-barred because he failed to contact an EEO counselor within the 45-day limitation period set forth in 29 C.F.R. § 1614.105(a)(1). There exist no genuine issues of material fact concerning whether equitable modification applies to this case. Therefore, the defendant is entitled to summary judgment.

Accordingly, it is respectfully RECOMMENDED:

1. That defendant's motion for summary judgment (doc. 45) be GRANTED, and that judgment be entered in favor of the defendant.

2. That all pending motions be DENIED as moot.

3. That the clerk be directed to close the file.

At Pensacola, Florida this 14th day of July, 2010.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 5:09cv8/RS/MD*